Approved: _____    ☐ ORIGINAL
KATHRYN MARTIN/MAURENE COMEY
Assistant United States Attorneys

Before:   HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X   16 mag 1641

                                      **COMPLAINT**
UNITED STATES OF AMERICA           :
                                      Violations of
          - v. -                   :  18 U.S.C. §§ 1591(a) &
                                      (b)(2), 1952(a)(3) and 2
CHRISTINA GREEN,                   :
                                      COUNTY OF OFFENSE:
               Defendant.          :  ORANGE

                                   :

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       MICHAEL ORTIZ, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), and charges as follows:

## COUNT ONE
(Sex Trafficking of a Minor)

       1.   From at least on or about November 29, 2015, up to and including in or about February 2016, in the Southern District of New York and elsewhere, CHRISTINA GREEN, the defendant, willfully and knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, maintain, advertise, patronize, and solicit by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, GREEN recruited, enticed, harbored, transported, provided, obtained, maintained, and advertised an individual who was less than 18 years old (the "Victim"), knowing and in reckless disregard that

the Victim would be caused to engage in a commercial sex act that would benefit GREEN financially.

(Title 18, United States Code, Sections 1591(a) and (b)(2), and 2.)

COUNT TWO
(Use of Interstate Commerce to Promote Unlawful Activity)

2. From at least in or about May 2015, up to and including in or about February 2016, in the Southern District of New York and elsewhere, CHRISTINA GREEN, the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, to wit, GREEN used a cellular phone and the Internet to promote, manage, establish, and carry on a criminal business enterprise engaged in sex trafficking and promoting prostitution of persons less than nineteen in violation of New York Penal Law §§ 230.20 and 230.25.

(Title 18, United States Code, Sections 1952(a)(3) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

3. I am a Special Agent with the HSI, and I have been personally involved in the investigation of this matter. I am currently assigned to a squad that is responsible for investigating, among other crimes, sex trafficking, in violation of Title 18, United States Code, Section 1591, and related crimes involving the sexual exploitation of minors. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my conversations with a representative of Child Protective Services ("CPS"), as well as my review of records provided by CPS, I have learned, among other things, the following, in substance and in part:

   a. CHRISTINA GREEN, the defendant, has several children, including a daughter who is 17 years old (the "Victim").

   b. The Victim lives at a Group Home for teenage girls in Walden, New York (the "Group Home").

   c. On or about February 1, 2016, GREEN submitted an application for public assistance to New York State. On that application, GREEN identified the Victim as her daughter and provided the Victim's date of birth. GREEN also listed the telephone number 845-549-7087 as her telephone number (the "GREEN CELLPHONE") and an apartment in Newburgh, New York (the "Newburgh Apartment") as her residence address.

5. I have spoken with the Clinical Director of the Group Home. Based on my conversations with the Clinical Director, I have learned, in substance and in part, the following:

   a. On weekends, the Victim usually left the Group Home and stayed with her mother, CHRISTINA GREEN, the defendant, at the Newburgh Apartment.

   b. On Friday, February 12, 2016, the Victim left the Group Home without permission and failed to return.

   c. The Clinical Director regularly contacted GREEN on the GREEN CELLPHONE, including as recently as February 16, 2016.

6. I have spoken with the house manager of the Group Home (the "House Manager"). Based on my conversations with the House Manager, I have learned, in substance and in part, the following:

   a. In or about early February 2016, another employee at the Group Home reported that a resident told the employee, in substance and in part, that she had seen an advertisement containing photographs of the Victim on the website Backpage.com.

b. Thereafter, on or about February 8, 2016, the House Manager, who regularly collected residents' cellphones each evening, saw a text message exchange on the Victim's cellphone, which appeared to be between the Victim and CHRISTINA GREEN, the defendant, and related to the website, Backpage.com. The House Manager took a screenshot of the Text Message exchange (the "Screenshot").

7. I have reviewed the Screenshot. The Screenshot depicts a text message exchange between the Victim's cellphone and a contact identified as "Mommyyyy," at the call number assigned to the GREEN CELLPHONE. The exchange is as follows:

**GREEN CELLPHONE**: O so tired of this bullshit.

**VICTIM CELLPHONE**: I told you… They never on are side… Good thing I'm bout to be 18 soon.

**GREEN CELLPHONE**: Can't wait.

**VICTIM CELLPHONE**: Mom somebody from school seen my bp take me off for now till I come home.

8. Based on my involvement in the investigation to date, I believe that "bp" in the above-described text message exchange, is a reference to an advertisement on Backpage.com. Based on my training and experience, I know that Backpage.com is an online classifieds website that features advertisements for, among other things, escorts who engage in sex acts in exchange for money. I further know, based on my review of Backpage records and communications with a representative of Backpage.com, that Backpage.com is based in Dallas, Texas and has its servers in Tucson, Arizona.

9. Based on my review of records of Backpage.com, I have learned in substance and in part, the following:

a. Since at least in or about May 2015 through in or about February 2016, someone posted advertisements in the adult entertainment section on Backpage.com, which listed the call number associated with the GREEN CELLPHONE as the contact phone number and which contained explicit photographs of women and girls. Based on the text of the advertisements, as well as my training and experience, I believe the advertisements were posted for the purpose of soliciting commercial sex. Below are a sample of some of the advertisements associated with the GREEN CELLPHONE:

4

      i. In an advertisement posted on November 29, 2015, which is entitled "Lustina and friends read my reviews - 46" and includes photographs of the Victim,[1] as well as a photograph of another young woman, the poster wrote: Team lustina 24/7 safe and discreet fetish and 420 friendly conveniently located off interstate 84 call 845-549-7087."

      ii. In an advertisement posted on February 1, 2016, which includes a photograph of GREEN, as well as photographs of two other women and a male's torso, the poster wrote: "24/7 safe and discreet fetish and 420 friendly serious inquiries only we have a milf we have role play we offer a variety of situations mother/son mother/daughter ect. [sic] We now have a gorgeous man on the team for the ladies or the men please contact me at (845)549-7087."

      iii. In an advertisement posted on January 26, 2016, which includes a picture of GREEN and the Victim,[2] as well of photographs of at least two other women, the poster wrote: "We have your daddy daughter roleplay mother son roleplay mother daughter roleplay 24/7 safe and discreet fetish and 420 friendly call 845-549-7087." .

b. Backpage.com records reveal that at least four different email accounts were used to post the advertisements associated with the GREEN CELLPHONE. Two of those email accounts are Christinarus13@gmail.com and Christinarus@aol.com.

      i. The Backpage account in the name of Christinarus13@gmail.com, which was

---

[1] I believe that the teenage girl depicted in the photograph is the Victim because I compared the photograph with a known photograph of the Victim identified by the Clinical Director.

[2] I believe that the teenage girl depicted in the photograph is the Victim because I compared the photograph with a known photograph of the Victim identified by the Clinical Director.

5

    established in October 2015, was used more than fifteen times between November 29, 2015 and February 12, 2016 to post advertisements containing photographs of women, including CHRISTINA GREEN, the defendant. At least some of those advertisements contained photographs of the Victim. Given the similarity between the names "christinarus13" and CHRISTINA GREEN, as well as the fact that the GREEN CELLPHONE was listed in the advertisements, I believe that GREEN used the Christinarus13@gmail.com account to post some of the Backpage advertisements.

  ii. The Backpage account in the name of Christinarus@aol.com, which was established in January 2014, was used at least ten times between May 2015 and January 11, 2016 to post advertisements containing photographs of women, including GREEN. At least some of those advertisements contained photographs of the Victim. Given the similarity between the names "christinarus" and CHRISTINA GREEN, as well as the fact that the GREEN CELLPHONE was used on the advertisements, I believe that GREEN used the Christinarus@aol.com email account to post some of the Backpage advertisements.

  10. In the early afternoon on or about March 8, 2016, another HSI Agent acting in an undercover capacity (the "UC") called the GREEN CELLPHONE to arrange a prostitution date with CHRISTINA GREEN, the defendant. Based on my conversations with the UC, I have learned, in substance and in part, the following about the UC's telephone call with GREEN:

  a. A woman, later identified by the UC as GREEN, answered the GREEN CELLPHONE.

  b. During the call, the UC and GREEN discussed the UC meeting GREEN to engage in sex for money. Specifically, the UC, who told GREEN that he had seen her advertisements on Backpage.com, said he was interested in a mother/daughter situation.

6

       c.    GREEN told the UC it would cost $400 and directed the UC to come to the Newburgh Apartment for the prostitution date.

    11.    Shortly after the phone call described above, the UC went to the Newburgh Apartment to meet CHRISTINA GREEN, the defendant. The UC wore a recording device during the meeting. I listened to a simultaneous recording of the meeting and I have also spoken with the UC about the meeting. Based on those conversations, as well as my review of the recording, I have learned the following about the UC's meeting with GREEN:

       a.    GREEN met the UC outside the Newburgh Apartment and brought him up to the apartment. Once inside the apartment, GREEN walked the UC into a bedroom, where another young woman, (the "Witness"), was waiting. GREEN introduced the Witness as her daughter.

       b.    After discussing the price with GREEN, the UC gave GREEN $400. GREEN took the money, appeared to give some of the money to the Witness, and put the rest in a drawer.

       c.    Shortly thereafter, other law enforcement officers entered the Newburgh Apartment and arrested GREEN. In addition to GREEN and the Witness, several other people were present in the Newburgh Apartment, including the Victim, who according to the UC, was sitting on the couch in the living room of the apartment.

    12.    On March 8, 2016, after her arrest, CHRISTINA GREEN, the defendant, was read her <u>Miranda</u> rights and agreed to speak with me. During the interview, GREEN stated, in substance and in part, the following:

       a.    The Victim came to GREEN and told GREEN, in substance and in part, that she wanted to work in prostitution.

       b.    GREEN placed escort advertisements, which included photographs of the Victim, on the website Backpage.com. GREEN paid for the advertisements, which were $7 per ad, using bitcoins.

       c.    Although GREEN posted advertisements with the Victim's photographs, she eventually took the advertisements down.

    d. GREEN believes that the Victim engaged in prostitution in the past.

  13. On March 8, 2016, I spoke with the Witness. During the interview, the witness stated, in substance and in part, the following:

    a. The Witness was a resident of the Group Home with the Victim until in or about November 2015, when the Witness turned 18 years old.

    b. The Victim told the Witness, in substance and in part, that the Witness could make money as an escort working with the Victim's mother, CHRISTINA GREEN, the defendant.

    c. Upon turning 18, the Witness signed herself out of the Group Home and moved in with GREEN. Thereafter, the Witness began working as a prostitute with GREEN. The Witness gave GREEN approximately half of the money she earned from prostitution.

    d. On at least two occasions, GREEN made arrangements for the Witness and the Victim to have sex for money. On those occasions, GREEN took the money from the prostitution customers and gave approximately half of the money to the Witness and the Victim.

WHEREFORE, I respectfully request that CHRISTINA GREEN, the defendant, be imprisoned or bailed, as the case may be.

_____
MICHAEL ORTIZ
Special Agent
DHS, HSI

Sworn to before me this
10th day of March, 2016

_____
HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK